# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH, | 1:07-CV-01519-OWW-SMS-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR COURT INTERVENTION REGARDING CONDITIONS OF CONFINEMENT |
| N. GRANNIS, | |
| Defendant. | (Doc. 14) |

James E. Smith ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 13, 2008, plaintiff filed a document entitled "Challenging the Ongoing Conditions of Confinement 28 U.S.C. § 1291(a)(1)" in which he requests the court's intervention. Plaintiff states that his case at Kern County Superior Court was dismissed because defendant would not make an arrangement for him to appear at a scheduled court hearing. Plaintiff also alleges that he was scheduled to be released on or about February 6, 2008, and he is being "fraudulently concealed" at Kern Valley State Prison. Plaintiff appears to be requesting injunctive relief.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. Here, plaintiff has not provided sufficient information for the court to determine

1 what he wants the court to do.  Plaintiff requests court intervention but does not explain how a
2 court order can offer him relief.   Furthermore, federal courts are courts of limited jurisdiction,
3 and as a preliminary matter, the court must have before it an actual case or controversy.  <u>City of</u>
4 <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian</u>
5 <u>Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752,
6 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court
7 does not have an actual case or controversy before it, it has no power to hear the matter in
8 question.  <u>Id</u>.  In this instance, there is not yet an actual case or controversy before the court.  On
9 December 5, 2007, the court issued an order finding that plaintiff is ineligible to proceed in
10 forma pauperis in this action and requiring plaintiff to pay the filing fee in full.  Until plaintiff
11 has paid the filing fee, he is not entitled to proceed forward with this action.  Therefore, at this
12 juncture, the court does not have power to hear plaintiff's motion.
13     Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion is DENIED.
14 IT IS SO ORDERED.
15 **Dated:   February 29, 2008**           **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE